CHRISTINA A. JUMP (D.C. ID No. TX151)
cjump@clcma.org
CHELSEA G. GLOVER (D.C. ID No. TX0065)
cglover@clcma.org
Constitutional Law Center for Muslims in America ("CLCMA")
100 N. Central Expy. Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| **HODA MUTHANA**, Camp Roj, Syria, via **Next Friend Ahmed Ali Muthana**, 133 Pine Rock Lane, Hoover, AL 35226 | CASE NO.:_____ |
| *Plaintiff,* | |
| vs. | CIVIL ACTION |
| **ANTONY J. BLINKEN**, in his official capacity as Secretary of the Department of State, 2201 C St., NW, Washington, DC 20520, | **PLAINTIFF'S ORIGINAL COMPLAINT AND PETITION FOR MANDAMUS RELIEF** |
| *Defendant.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND PETITION FOR MANDAMUS RELIEF

Hoda Muthana ("Plaintiff") was born in the United States. Her father initiated steps to get her naturalized, but he was told she was a United States citizen. So, he got Plaintiff a U.S. passport, which the Department of State issued after confirming that her father had stopped working as a diplomat at the time of her birth. Not only did she and her family believe she was a United States citizen, but the United States government also believed she was a United States citizen when it

1

issued her a passport, and later renewed it. While Plaintiff was outside of the country, the Department of State revoked Plaintiff's passport via a letter to her parents' address. In 2022, the Department of Justice, representing the Department of State, recognized that Plaintiff remained a U.S. citizen in its brief to the U.S. Supreme Court. Brief for Respondent at 17, *Ahmed Ali Muthana v. Blinken*, (Dec. 8, 2021) (No. 21-489) (assuring the Supreme Court that the United States government "has not formally altered her citizenship status"). In 2023, Plaintiff applied for a Certificate of Identity to return to the United States and establish her entitlement to birthright citizenship. To date, the Department of State has neither granted nor denied Plaintiff's application. In fact, it has not responded at all. Plaintiff initiates this action asking for a court order to force the Department of State to take action on her application for a Certificate of Identity. Plaintiff files this Complaint and Petition for Mandamus Relief against official capacity Defendant Antony Blinken, Secretary of State.

## I.  PARTIES

1.  Plaintiff Hoda Muthana is a U.S. citizen by birthright. She currently resides in Camp Roj, Syria.

2.  Ahmed Ali Muthana is Plaintiff's father and Next Friend. He is a naturalized U.S. citizen and resides at 133 Pine Rock Lane, Hoover, AL 35226.

3.  Defendant Antony Blinken is the Secretary of the Department of State (the "State Department"). Defendant Blinken is sued in his official capacity.

## II.  NEXT FRIEND STATUS

4.  Next Friend status on behalf of Plaintiff is appropriate because Plaintiff is interred in a refugee camp in Syria, with limited and inconsistent access to the internet or other

communications. She is under surveillance and cannot travel away from the camp. She therefore has difficulty communicating confidentially with counsel.

5.    Ahmed Ali Muthana, as Plaintiff's father, is in relatively regular contact with Plaintiff and can readily communicate with Plaintiff's counsel to represent her interests. Mr. Muthana also shares Plaintiff's interest in receiving a response from the Department of State regarding her Certificate of Identity. Plaintiff has consented to Mr. Muthana's role as her Next Friend in this case. Therefore, Mr. Muthana serves as an appropriate representative for Plaintiff's interests in this matter.

### III.    JURISDICTION AND VENUE

6.    This Court has jurisdiction under the authority of 28 U.S.C. § 1361.

7.    Venue is appropriate in this Court under 28 U.S.C. § 1391(e)(1), which states in relevant part that "a civil action in which a defendant is an officer or employee of the United States or agency thereof acting in his official capacity…may…be brought in any judicial district in which (A) a defendant in the action resides."

### IV.    FACTUAL BACKGROUND

8.    Plaintiff Hoda Muthana is a U.S. citizen by birthright because she was born in the United States after the termination of her father's diplomatic immunity.

9.    Plaintiff was born in Hackensack, New Jersey on October 28, 1994.

10.    Plaintiff's parents understood Plaintiff to be a United States citizen by birthright, unlike their older children who were born while their father enjoyed diplomatic immunity.

11.    The United States recognized Plaintiff as a birthright citizen when it issued a passport to Plaintiff on January 24, 2005, and renewed her passport on February 21, 2014.

12.    Plaintiff has never been charged with or convicted of a crime.

13.    Plaintiff travelled to Syria in 2014.

14.    On January 15, 2016, the Department of State revoked Plaintiff's passport while she was out of the country.

15.    The Department of State recognizes it only has the power to revoke her passport document—not her citizenship status.

16.    Plaintiff has never renounced her citizenship or sought citizenship in another country.

17.    In its briefing to the Supreme Court in a case challenging the Department of State's earlier actions, counsel for the Department of State represented that the United States government "has not formally altered her citizenship status."  Brief for Respondent at 17, *Ahmed Ali Muthana v. Blinken* (Dec. 8, 2021) (No. 21-489).

18.    Counsel for the Department of State further cited the process for applying for a Certificate of Identity, identified in 8 U.S.C. § 1503, as a means for Plaintiff "to establish her citizenship status." *Id.* at 18.

19.    In that statute, 8 U.S.C. § 1503(b) provides, in relevant part, that "[i]f any person who is not within the United States claims a right or privilege as a national of the United States and is denied such right of privilege by any department . . . upon the ground that [s]he is not a national of the United States, such person may make application . . . for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission." 8 U.S.C. § 1503(b).

20.    To this day, Plaintiff remains outside of the United States in Camp Roj, Syria with her young son, and they are unable to leave Camp Roj.

21.    The United States Embassy in Syria suspended operations on February 6, 2012, and remains unopen for consular services.[1]

22.    Pursuant to 8 U.S.C. § 1503(b), Plaintiff submitted her application for a Certificate of Identity to Assistant Secretary Rena Bitter, Bureau of Consular Affairs, U.S. Department of State on July 14, 2023.

23.    As of the filing of this complaint, the Department of State has still taken no action at all on Plaintiff's application.

24.    This mandamus action represents Plaintiff's only administrative avenue of redress to force the Department of State to take action on Plaintiff's application for a Certificate of Identity.

25.    Plaintiff now timely files this Original Complaint and Petition for Mandamus Relief.

## V.    CAUSES OF ACTION

### Count I: Petition for Writ of Mandamus

26.    Plaintiff incorporates by reference all numbered paragraphs above.

27.    8 U.S.C. § 1503(b) provides, "[u]pon proof to the satisfaction of such diplomatic or consular officer that such application is made in good faith and has a substantial basis, he shall issue to such person a certificate of identity.  From any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing his reasons for his decision."

28.    Plaintiff's claim for consideration of her application for a Certificate of Identity is clear and certain under 8 U.S.C. § 1503(b).

---

[1] *Homepage*, U.S. EMBASSY IN SYRIA (last visited November 1, 2023), https://sy.usembassy.gov/ ("Effective February 6, 2012, the U.S. Embassy has suspended operations and is not open for normal consular services.  Neither U.S. passports nor visas to the United States will be issued in Damascus.")

29.    Defendant's official duty to either issue Plaintiff a Certificate of Identity or deny Plaintiff's application and trigger appropriate avenues to appeal that decision is clearly defined in 8 U.S.C. § 1503(b).

30.    No other adequate remedy is available to Plaintiff, as she cannot enter the county without a passport to institute an action against the Department of State for a judgment declaring her to be a national of the United States, as provided in 8 U.S.C. § 1503(a).

31.    While "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations,"[2] mandamus is properly available if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."[3]

32.    Plaintiff here satisfies all three criteria, and the request for a writ of mandamus is appropriate.

**Count II: Violations of the Administrative Procedure Act**

33.    Plaintiff incorporates by reference all numbered paragraphs above.

34.    Plaintiff is aggrieved by agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, 706 et seq.

35.    Defendant knows about Plaintiff's multi-year-long residence in Camp Roj, Syria, as well as the risk to her and her child's safety and well-being in the refugee camp.

36.    Defendant's continued failure to take action on Plaintiff's application for a Certificate of Identity constitutes unreasonable delay and in this regard is arbitrary, capricious, an abuse of discretion, and, accordingly, unlawful.

---

[2] *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).
[3] *In re Medicare Reimbursement Litig. Baystate Health Sys.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)).

37.    As Defendant's inaction continues to result in significant personal harm to Plaintiff directly, Plaintiff seeks a declaration that Defendant's actions relating to Plaintiff's Certificate of Identity application violate the APA.

**Count III:**
**Attorneys' Fees Under the Equal Access to Justice Act[4]**

38.    Plaintiff incorporates by reference all numbered paragraphs above.

39.    The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 ("EAJA"), provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

40.    Plaintiff respectfully requests that this Court grant her costs and fees under the EAJA.

**VI.        PRAYER FOR RELIEF**

Plaintiff prays for judgment in her favor and against Defendant and respectfully requests that this Court grant the following relief:

1.    Grant this Petition for Writ of Mandamus to compel Defendant to either grant or deny Plaintiff's application for Certificate of Identity;

2.    Declare that Defendant's delay in acting on Plaintiff's Certificate of Identity is arbitrary, capricious, and an abuse of discretion and, accordingly, violates the APA;

3.    Award Plaintiff attorneys' fees and costs as appropriate against Defendant; and

4.    Any additional relief this Court deems just, proper, and equitable.

---

[4] Plaintiff realizes that attorneys' fees are not ripe for recovery until later in this action. Plaintiff asserts this claim now in the interest of transparency of the relief sought.

Respectfully submitted this 6th day of November, 2023.

*/s/ Christina A. Jump*
Christina A. Jump
D.C. ID No. TX151
Chelsea G. Glover
D.C. ID No. TX0065
Constitutional Law Center
for Muslims in America
100 N. Central Expy, Suite 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
cglover@clcma.org
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on November 6, 2023, she caused the foregoing to be served by electronically filing with the Clerk of this Court using the CM/ECF system, thereby serving e-mail notification upon counsel for all parties of record.

/s/ *Christina A. Jump*